9472

MIDDLETON *ET AL.* v. LEVI.

(90 S. E. 325.)

1. Jury—Right to Jury Trial—Suit in Equity—Recovery of Land.— A complaint in an action to recover land alleged that it had been conveyed in trust for the trustee's daughter, with power to sell and convey when necessary for the use of the *cestui que trust,* that the trustee conveyed it to plaintiff by deed reciting a necessity for the *cestui que trust's* support, that thereafter the *cestui que trust* conveyed to the defendant, that plaintiff went into possession and owned the fee, that defendant under his deed unlawfully took and withheld possession, and demanded judgment for possession and damages. The answer alleged that the conveyance to defendant was to secure money loaned in the belief that the *cestui que trust* owned the land, and without notice of the plaintiff's claim, and denied plaintiff's possession, or that the conveyance to him was for the benefit of the *cestui que trust.* Held, that the cause was one in equity, and should not have been submitted to the jury, except for advisory findings.

2. Equity—Submitting Issues to Jury—Violation of Trust.—In such cause, the charge in the answer that the trustee had violated the trust and had given plaintiff a deed of the trust property for his own benefit as against the *cestui que trust* was an issue triable by the chancellor.

3. Equity—Submitting Issues to Jury—Claim of Title—Notice.— In such case, and in view of the admission of the answer that the defendant did not own the land in dispute, and that his deed was made to secure money loaned to the *cestui que trust* without notice of the plaintiff's claim of title, the issue was for the chancellor.

4. Equity—Verdict of Jury—Effect.—In equity, the Circuit Judge was not bound by the verdict as he is bound in cases at law.

Before Rice, J., Manning, Fall term, 1915. Affirmed.

Action by Charles F. Middleton and others against David Levi. Verdict for defendant was set aside, and he appeals.

The plaintiffs complain and allege:

(1) That on the 15th day of May, 1894, Gulie E. Bochette and others, by their deed, dated on said day, conveyed unto Minor C. Galluchat, trustee, all that piece, parcel, or tract of land lying, being, and situated in the county of Clarendon, State aforesaid, containing fifty-six and one-fourth (56¼) acres; and bounded on the north by lands of R. R. Dingle; east by lands of, formerly Manigault, now Sprott; south by lands of S. A. Brunson and Julius I. Bochette; and west by lands of Julius I. Bochette and Julia E. Bochette, upon the following trusts and powers: "For the sole use, benefit, and behoof of Elizabeth Rebecca Galluchat, daughter of Minor C. Galluchat, and her lawful issue; with full and complete power in said trustee, Minor C. Galluchat, to sell, convey, and assign the said tract of land in fee or otherwise whenever in his judgment it may become necessary for the benefit of the said Elizabeth Rebecca Galluchat or her issue, if the said Elizabeth Rebecca Galluchat dies without lawful issue, then the said lands to become the absolute property of her heirs in fee simple and forever, if not previously disposed of by Minor C. Galluchat, the trustee herein."

(2) That on the 18th day of December, 1894, the said Minor C. Galluchat, trustee, under and by virtue of the power above conferred, by his deed on said day, conveyed unto the plaintiffs the above described tract of land, the said Minor C. Galluchat declaring in said deed that it is necessary for the proper support and education of his daughter, Elizabeth R. Galluchat, the *cestui que trust* in the above deed, that the land therein conveyed should be sold, and that it was for that purpose that it is so sold and conveyed.

(3) That on April 29, 1904, Elizabeth R. Galluchat, the *cestui que trust* in the above mentioned deed, attempted to convey by her deed, dated on said day, unto the defendant, David Levi, the land above described.

(4) That under the deed referred to in the second paragraph of this complaint the plaintiffs went into possession of the said land and are now the owners in fee of the same.

(5) That the defendant has unlawfully taken possession of the premises above described under the deed referred to in the third paragraph of this complaint and is unlawfully withholding the same from the plaintiffs to their damage fifteen hundred dollars.

Wherefore, the plaintiffs demand judgment: (1) For the possession of the land described in the complaint. (2) For fifteen hundred dollars damages, and the costs of this action.

The defendant above named, answering the complaint of the plaintiff, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 4, and 5 thereof, and therefore denies same, and alleges:

For a second defense:

(1) That on the 29th day of April, 1904, one Elizabeth R. Galluchat, then the owner and in possession thereof, formally conveyed the premises described in the complaint to this defendant by her deed.

(2) That said conveyance while in form an absolute conveyance in fee simple, yet it was in fact given as security for a debt of money advanced by this defendant to said Elizabeth R. Galluchat, some of which was advanced before the date of the execution of the said deed and some since the execution thereof.

(3) That this defendant advanced said sums of money to said Elizabeth R. Galluchat upon the belief that she owned said premises by a good and perfect title and without notice of any claim to same by the plaintiffs herein, and said debt is still unpaid.

(4) That the said Elizabeth R. Galluchat has been in the open, notorious, exclusive, continuous, and adverse possession of said premises, claiming same as her own for more

than ten years next preceding the commencement of this
.action, founding said claim upon a written instrument con-
veying said premises to her in fee.

For a third defense:

That defendant is informed and believes that neither the
plaintiffs herein nor their ancestors, predecessors, grantors,
nor any person through whom they claim, have been in pos-
session of the premises described in the complaint, nor any
portion thereof within ten years next preceding the com-
mencement of this action.

For a fourth defense:

That defendant is informed and believes that one M. C.
Galluchat did make a certain deed as trustee, which pur-
ported to convey to the plaintiffs herein the premises
described in the complaint, but that said deed was made to
secure a debt previously owing by said M. C. Galluchat per-
sonally to the plaintiffs herein, and was not made for the
benefit of Elizabeth R. Galluchat or her issue, as plaintiffs
then well knew. That said deed was void and of no effect
whatsoever, same not being a valid exercise of the power to
convey contained in said deed.

The plaintiffs herein replying to the second and fourth
defense of the defendant deny each and every allegation
thereof.

Further answering the fourth defense of the defendant,
the plaintiffs allege that the alleged equitable facts, set up by
the defendant in such fourth defense, was well known by the
defendant and his predecessors in title for more than ten
years last past, and the defendant is now barred by the
statute of limitation in such cases made and provided, and is
estopped by his laches, and by the laches of his predecessors
in title, from setting up such equitable defense.

*Messrs. A. Levi* and *Charlton DuRant,* for appellant, cite:
*As to evidence showing deed to be a mortgage:* 34 Am. Dec.
211; 54 Am. Dec. 485; 58 S. C. 370; 33 S. C. 28; Dudley L.

75; 74 S. C. 55; 70 S. C. 285; 19 S. C. 292; 37 S. C. 497; 85 S. C. 111.

*Messrs. Davis & Wideman,* for respondent, submit : *Order is not appealable:* 77 S. C. 319; 83 S. C. 33 and 565; 85 S. C. 82; 88 S. C. 350; 91 S. C. 454; 98 S. C. 170; 92 S. C. 361. *Trial of issues:* 6 S. C. 212; 9 S. C. 148; 12 S. C. 108; 16 S. C. 331; 76 S. C. 167; 28 S. C. 530; 52 S. C. 461; 79 S. C. 476, 477; 54 S. C. 556; 60 S. C. 569; 61 S. C. 4.

July 19, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The case recites that this is an action to recover land.   It was tried before a jury, and the verdict was for the defendant.   The Court set the verdict aside, and the defendant has appealed from that order.

There are three exceptions, but there is practically but one issue involved.   The trial Court concluded in the order that the case is one in equity, and "that the Court is not bound by the said verdict on said issues."   The appellant contends that the "plaintiff brought a plain ordinary action for the recovery of land," and the Court was bound by the verdict.   The pleadings will of course be reported.   We are of the opinion that the case is plainly one in equity, and ought not to have been submitted to a jury, except by the procedure that issues of fact in such cases may be submitted.

The deed from Bochette to Minor C. Galluchat is confessedly a trust deed, and the trustee could sell and convey only according to the terms of the trust.   The answer charged in the fourth defense that the trustee violated the trust, and made to the plaintiffs a deed of the trust property for his own benefit and against the *cestui que trust.*   That is an issue triable by a chancel-

lor, so well established as to be elementary.   If that defense is established by proof, the plaintiff's title is completely defeated.

The answer admits in the second paragraph of the second defense that the defendant is not the owner of the land in dispute; that while he has a deed to it, the deed was in fact only made to secure a debt due to the defendant by the *cestui que trust;* and that when the defendant loaned money to the *cestui que trust* he did so without notice of the plaintiffs' claim of title.   That is just as plainly an issue for a chancellor; and if it shall be established by proof, and the paintiffs' title shall be defeated, all the defendant will be entitled to will be a sale of the premises to satisfy the debt due to him.

As the Circuit Judge held, he was not bound by the verdict as he is bound in cases at law.

The order is affirmed, and the cause is remanded to the Circuit Court, to be tried according to the principles announced.